## MARTIN et al. v. SEIFRIED et al.

No. 18009. Opinion Filed Dec. 4, 1928.

James J. Mars and Malcolm E. Rosser, for plaintiffs in error.

Hughes. Foster & Ellinghausen, for defendants in error.

CLARK, J. This cause presents error from the district court of Creek county, Okla., wherein a judgment was entered in favor of the defendants on May 11, 1926.

from which judgment and finding of the court the plaintiffs below appealed.

Two cases were consolidated in the court below; one involved the foreclosure of a mortgage. The matter brought here for review was an action by Dave Martin, Beeker Bosen, nee Cosar, Lydia Wilson, nee Cosar, and Galvos Cosar, against J. E. Seifried, the Sapulpa State Bank, Joseph Bruner, as guardian of Lena Cosar, now Lena Adams, and M. I. Seifried.

The action was brought to recover land located in Creek county described in plaintiffs' petition. Plaintiffs' petition alleged that the land involved was allotted to Sam Cosar, who was a member of the Creek Tribe of Indians, enrolled as a full-blood; that he died in what is now Creek county, Okla., in November, 1902, leaving surviving him, as his sole and only heirs at law, his father, Tom Cosar, and his mother, Jennie Cosar, both full-blood members of the Creek Tribe of Indians. That they each inherited a one-half interest in said land. That the said Jennie Cosar died intestate in Creek county, Okla., leaving surviving, as her sole and only heir at law, her husband, Tom Cosar, who inherited a one-third interest in her undivided one-half interest in said land, and the plaintiffs, Dave Martin, Beeker Bosen, nee Cosar, Lydia Wilson, nee Cosar, and Galvos Cosar, who inherited a one-sixth interest in and to her undivided one-half interest in said land. That Tom Cosar died intestate in Creek county November 26, 1923, leaving surviving him, as his sole and only heirs, plaintiffs Beeker Bosen, nee Cosar, Lydia Wilson, nee Cosar, and Galvos Cosar, each of whom inherited a one-third interest in and to the two-thirds interest owned by the said Tom Cosar prior to his death.

Petition further alleges that plaintiffs owned said land and were entitled to the possession thereof; that the defendant J. E. Seifried is in possession of said land, and has been since February 6, 1920; that the defendant J. E. Seifried claims to be the owner of said land deriving his title through a certain deed from Tom Cosar and Jennie Cosar dated February 17, 1911, and certain mesne conveyances. from R. L. Root and Nannie J. Root to W. D. Cooper; from Nannie J. Brown. nee Root. and P. M. Brown to W. D. Cooper: and from W. D. and Nannie Cooper to J. E. Seifried. and also from a certain guardian's deed dated May 6. 1911. from Tom Cosar. guardian of Lydia Cosar, and Dave Martin. minors. to R. L. Root; and also from a certain guardian's

deed dated September 7, 1912, from Horace Wilson, as guardian of Beeker Cosar, a minor, to R. L. Root; that the deed from Tom Cosar and Jennie Cosar to R. L. Root was only intended to convey a life estate in said lands and that the same was approved as a life estate from Tom Cosar and Jennie Cosar, full-blood members of the Creek Tribe of Indians; that Jennie Cosar signed by her mark, against her wishes, and never appeared in county court or agreed to the approval of said deed; that petition for approval of said deed shows that they only intended to sell a life estate. The order of the county court approving the said deed shows the court found they were owners of a life estate.

Copies of the deeds, petition, and order of approval were attached to plaintiffs' petition.

Plaintiffs further alleged that the deed from Tom Cosar and Jennie Cosar showed on its face that it was not intended to convey the entire estate in fee simple, and further alleged that the plaintiffs became the owners in fee of the estate of Jennie Cosar upon her death and owners in fee of the estate of Tom Cosar upon his death.

Petition further alleged that the consideration of $1,000 paid to Tom Cosar on the date of the approval of the deed was an inadequate consideration for the entire fee in said land and was only intended as a consideration of the life estate.

Plaintiffs ask judgment decreeing the deed from Tom Cosar and Jennie Cosar to be a deed of the life estate from the said Tom Cosar and Jennie Cosar, and also for the cancellation of the mesne conveyances.

Answers were filed by the different defendants, which denied the allegations of plaintiffs' petition and alleged that Tom Cosar and Jennie Cosar intended to and did convey all the title and interest in and to the fee-simple title to the lands by her deed by general warranty delivered to R. L. Root. dated February 7. 1911. and approved by the county court of Creek county. Okla. The case was tried to the court: plaintiffs' testimony introduced. and both sides rested. The court found for the defendants. Plaintiffs bring the cause here for review.

The assignment of error contains eight separate grounds. but all summed up in the brief under three propositions:

First, the deceased. Tom Cosar and Jennie Cosar, did not convey other interest than a life estate, and the purchaser R. L. Root did

not believe he was buying and did not pay for a greater interest than a life estate.

Plaintiffs in error contend that the deed on its face shows that Tom Cosar and Jennie Cosar did not intend to convey any except a life estate. This contention is inconsistent with plaintiffs' request that the deed be reformed.

An examination of the deed and record discloses that all interests were conveyed by Tom Cosar and Jennie Cosar, and the deed dated February 7, 1911, to R. L. Root, reads in part:

"Does hereby grant, bargain, sell and convey unto R. L. Root the following described property and premises situate in Creek county, state of Oklahoma, to wit (description), together with all improvements thereon and the appurtenances thereunto belonging, and warrants title to the same, such interests as they have, to R. L. Root."

The only logical construction to be placed on the deed would be that the grantors only warranted the title to such interest as they had in the premises, but the deed conveyed all interest owned by the grantors.

The record discloses that attorney James J. Mars was attorney for the grantors at the time the deed was prepared, executed, approved by the county court, and delivered to R. L. Root. The evidence further discloses that all the parties to this transaction, the grantors and the grantee, died prior to the filing of this action.

The petition filed in the county court in part is as follows:

"Comes now Tom Cosar and Jennie Cosar, father and mother, the sole and only heirs at law, to the life estate of Sam Cosar, deceased, and show to the court"

—then a brief description of the heirship, the death of the allottee, description of the land, and the names of the heirs—

"That since the death of the said Sam Cosar, your petitioners as above set out have made and executed to R. L. Root a warranty deed conveying to the said R. L. Root all of their right, title, and interest in and to the said allotment as aforesaid."

The court approved the deed of conveyance and marked his approval thereon, and in addition thereto entered an order of approval.

The court found that Tom Cosar and Jennie Cosar were owners of a life estate in said land and that they were the heirs of Sam Cosar, deceased, and the court further found that the consideration of $1,000 for the life estate and all their interest in said land described aforesaid is adequate.

The testimony of attorney for plaintiffs in error, James J. Mars, shows that he advised Tom Cosar and Jennie Cosar that they only owned a life estate in the land described. The evidence fails to disclose that the grantors acted on this advice. The solemn records introduced by the plaintiffs, the deed, show that the grantors intended to and did convey all right, title, and interest in the described land. The petition in the county court for the approval of the deed recites that Tom Cosar and Jennie Cosar were the owners of the life estate, but further sets out that they are conveying to said R. L. Root all their right, title, and interest in and to said allotment. The order of the court approving the deed is in part as follows:

"The court further finds that the consideration of $1,000 for the above life estate and all their interest in said described land aforesaid is adequate."

It is not disputed that Tom Cosar and Jennie Cosar were the sole and only heirs of their deceased son, Sam Cosar, and took the whole estate upon his death.

From an examination of the record and approval of the court, it is clear that the grantee, Root, was buying all the interest of the grantors. The words the county court used in the approval show that no fraud was practiced on the court, but that the court found that the consideration was adequate for the life estate and all right, title, and interest. Owing to this uncertainty, and Root wishing to purchase the estate and to acquire all right, title, and interest, he did so, and the instruments introduced in this case show that he took title to all right, title, and interest of the grantors.

This court, in the case of Cantrell v. O'Neill et al., 109 Okla. 238, 235 Pac. 232, in the second paragraph of the syllabus, said:

"To justify the reformation of an instrument failing to conform to the agreement of the parties thereto, through a mutual mistake, the proof should be clear, unequivocal, and decisive. The proof must establish the facts to a moral certainty and take the case out of the range of reasonable controversy, but need not be so certain as to go beyond any possibility of controversy."

The court found against the contention of the plaintiffs, and we are of the opinion that the finding is correct and not against the clear weight of the evidence.

To reform this deed, the evidence must be

clear, unequivocal, and convincing. We think the weight of the evidence is against the contention of the plaintiffs in error, and that Tom Cosar and Jennie Cosar, from all the facts and circumstances in this case, intended to and did convey to R. L. Root all their right, title, and interest in the land conveyed, and that R. L. Root intended to purchase and did purchase all right, title, and interest in the land conveyed.

· It is next contended by plaintiffs in error that Jennie Cosar's conveyance was not properly made. The deed appears to have been signed by mark and acknowledged before a notary public. Plaintiffs in error cite "Section 5277, C. O. S. 1921, same being section 1180, R. L. 1910." This section was amended by inserting the names of the witnesses in the acknowledgment where the deed was executed by mark. Plaintiffs in error overlooked the fact that this section of the statute was not in force and effect at the date of the execution of this deed, to wit, February 7, 1911. A material change was made in this section by the authors of the Revised Laws of Oklahoma, which laws were not adopted until 1913, and this requirement as to acknowledgment where the instrument is executed by mark was not in force and effect February 7, 1911. Therefore this contention must fail.

Plaintiffs in error next contend that the petition to the county court to approve the conveyance only asked the court to approve the conveyance of a life estate, and therefore the court had no jurisdiction to approve a greater interest than a life estate. The approval of this deed by the county court was a ministerial act, and the county court was without jurisdiction in the proceedings before it to determine what interest the grantors had or claimed in the estate. The approval of the deed approved the conveyance of just such an interest as the deed conveyed, no more nor less. However, the petition to the court for the approval of the deed asked that "all right, title, and interest in and to said allotment as aforesaid" be approved by the court, and the approval by the court approves the "life estate and all right, title, and interest."

This court, in the case of Tiger et al. v. Lozier et al., 124 Okla. 260, 256 Pac. 727, in the third paragraph of the syllabus, said:

"The county courts of the state act as federal agencies in the matter of passing upon deeds presented to them for approval by full-blood Indian heirs, and, while acting in this capacity, the failure of such courts to either adopt rules relating to the manner of conducting such sales or the failure to follow such rules they may adopt does not affect their acts in approving, or failing to approve, a deed presented to such court for its consideration."

In the 5th paragraph of the syllabus the court said:

"Where all the facts are fully known to the heirs of a deceased person respecting their number, the identity and relationship to a deceased person, and an error is made by them as to the quantity of interest of any such heir based upon full knowledge of all the facts, the same constitutes a 'mistake of law,' and is not such a mistake as will relieve either party from a contract voluntarily entered into, in the absence of fraud, misrepresentation, or duress."

We are of the opinion that from the deed, the petition for approval, and order of approval, all parties to this transaction, the grantors and grantee, knew that the entire estate was being conveyed, and that no fraud was practiced and no misrepresentation made. The fact that attorney advised his clients as to the interests they owned is not sufficient and is no proof that the clients acted upon that advice. The attorney approved this transaction and the instruments conveying title. The grantors had the advice of counsel, who represented them in this transaction, and no advantage was taken of them.

The judgment of the trial court is correct, and is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, RILEY, and HEFNER, JJ., concur.